UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-61534-CIV-MORENO/SIMONTON

R.K.,

    Plaintiff,

v.

SUSAN KANASKIE, et al.,

    Defendants.
_____/

## ORDER RE: MOTIONS IN LIMINE DIRECTED TO THE ADMISSIBILITY OF EVIDENCE REGARDING SEXUAL ACTIVITY

Presently pending before this Court are the following two motions, which relate to the admissibility of evidence regarding sexual activity of Plaintiff R.K.:[1]

1. Plaintiff's Motion in Limine to Preclude Defendants' Testimony Regarding Plaintiff's Alleged Consent to Sexual Abuse and/or Sexual Predisposition (DE # 878).

2. Motion of Defendant, Susan Worsley a/k/a Susan Marcil to Conduct a Hearing Under Federal Rule of Evidence 412(c) (DE # 883).

On May 8, 2007, a hearing was held on all motions in limine. Based upon the reasons stated on the record, and the agreement of all counsel that the evidence is admissible, Plaintiff's Motion is denied as to the admission of the evidence, without prejudice to seek a jury instruction which limits the use which may be made of such evidence; and, Defendant's motion is granted.

Federal Rule of Evidence 412(c) governs the procedure which must be used to

---

[1] The motions were initially filed on behalf of R.K. and J.K. However, at the commencement of the omnibus hearing on all motions in limine, the parties announced that the case had been settled as to Plaintiff J.K., and therefore the motions were moot as to J.K.

determine admissibility if a party seeks to introduce evidence of other sexual behavior by a victim.  The rule requires a party who intends to offer such evidence to provide notice of this intent at least 14 days prior to trial; and requires the court to conduct a hearing in camera, prior to the admission of such evidence.  Under the rule, the motion, related papers, and the record of the hearing must be sealed and remain under seal unless otherwise ordered by the Court.  A sealed hearing regarding admissibility was held on May 8, 2007.

In her motion, Defendant Worsley seeks to introduce evidence of sexual activity prior to R.K.'s placement in the Calhoun foster home (DE # 883 at 2).  Defendant Worsley argues that this evidence is relevant to the issue of damages, and that the psychologists have relied upon this evidence in formulating their opinions.

In Plaintiff's related motion, R.K. opposed the admission of such testimony, on the grounds that if the evidence is offered to establish consent or to contest liability, it is irrelevant and unduly prejudicial.  However, at the hearing, Plaintiff R.K. acknowledged that the evidence is admissible and that Plaintiff intends to use this evidence to establish notice to the Defendants of the need to protect R.K. and to establish his damages.  R.K.'s objection, therefore, is not to the *admissibility* of that evidence, but is to the use of the evidence to argue consent or in mitigation of damages.

In response to this argument, Defendants argued that it is premature to rule on the use of this evidence by the jury, that they are entitled to argue permissible inferences from any admissible evidence, and that the Court should handle any limitations by giving appropriate jury instructions.  Defendants reiterated that they do not intend to use this evidence to establish any defense as to liability.

The relief sought in these motions concerns only the admissibility of the

2

evidence. All parties now agree that the evidence is admissible, and the Court concurs that the probative value of the evidence substantially outweighs the danger of harm and unfair prejudice since Plaintiff has used this evidence as part of its case to establish that Defendants were on notice of the risk of harm to Plaintiff, and were deliberately indifferent to that risk. In addition, assuming the testimony regarding psychological harm is admitted, such testimony is relevant for purposes of cross-examination as to damages. Therefore, Plaintiff's motion to preclude the evidence is denied, without prejudice to seek appropriate jury instructions, and Defendant's motion is granted.

Base upon a review of the record as a whole, and for the reasons stated at the hearing and above, it is hereby

**ORDERED AND ADJUDGED** that

1. Plaintiff R.K.'s Motion in Limine to Preclude Defendants' Testimony Regarding Plaintiff's Alleged Consent to Sexual Abuse and/or Sexual Predisposition (DE # 878), is **DENIED, without prejudice** to seek appropriate jury instructions.

2. The Motion of Defendant, Susan Worsley a/k/a Susan Marcil to Conduct a Hearing Under Federal Rule of Evidence 412(c) (DE # 883) is **GRANTED**.

**DONE AND ORDERED** in chambers in Miami, Florida on May 14, 2007.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Federico A. Moreno, United States District Judge
All counsel of record