UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-61534-CIV-MORENO/SIMONTON

R.K.,

    Plaintiff,

v.

SUSAN KANASKIE, et al.,

    Defendants.
_____/

### ORDER ON SECOND AMENDED MOTION IN LIMINE

Presently pending before this Court is the Second Amended Motion in Limine filed by Defendants Latena Preston and Elaine Corsino (DE # 911).[1]  Plaintiff has responded in opposition (DE # 935).  On May 8, 2007, a hearing was held, at which time the Court ruled on the matters presently in dispute.  This order sets forth those rulings, and incorporates by reference the reasons stated on the record.

The Second Amended motion refers to the fourteen items which were set forth in the initial motion; and, states that only items 4, 5, 6, 7, 8, and 9 are opposed (DE # 911).  At the hearing, however, the parties acknowledged that since the date of the motion, this Court had entered rulings with respect to items 4, 5, and 6, in which Defendants challenged the admissibility of DCF records of non-party foster care children on the grounds that Florida confidentiality statutes preclude the admission of such records (See DE # 850).  Therefore, only items 7, 8, and 9 are presently at issue.

In item 7, Defendants seek to preclude references to the fees and/or costs

---

[1] This motion amends their initial motion in limine (DE # 835), which was denied without prejudice based upon the failure of that motion to set forth the position of Plaintiffs with respect to each part of the motion.

incurred by Plaintiffs or Plaintiffs' counsel.  At the hearing, Plaintiff's counsel stated that there was no objection to this request; therefore this issue is moot.

In item 8, Defendants seek to preclude Plaintiff from referring to Defendants' failure to call certain witnesses as evidence that the testimony would be adverse to Defendants.  Plaintiff objects to this on the ground that, depending on who is called as a witness at trial, such references may be appropriate.  Plaintiff has no present intention to make such an argument, however, and will alert the Court and opposing counsel prior to making such an argument if it becomes an issue.  Therefore, this motion is denied, without prejudice, as premature.

In item 9, Defendants seek to preclude Plaintiff from arguing that the strength of Plaintiff's case is demonstrated by the greater number of witnesses or greater number of physical pieces of evidence.  Plaintiffs agree that they will not argue that "simply because they introduced a large number of documents into evidence or called numerous witnesses, the jury should render a verdict in their favor" (DE # 935 at 7).   Plaintiffs sought to make it clear, however, that they intend to argue the strength of their case based on numerous documents and witnesses that corroborate each other, and establish knowledge of the risk of harm on the part of each defendant.  Since the parties agree that the appropriate limitation is covered by the standard jury instruction regarding the weight of the evidence, and neither side seeks to go beyond this, item 9 is also moot.

Therefore, based on a review of the record as a whole, and considering the arguments presented at the hearing, for the reasons stated at the hearing and above, it is hereby

**ORDERED AND ADJUDGED** that the Second Amended Motion in Limine filed

by Defendants Latena Preston and Elaine Corsino (DE # 911) is **DEEMED MOOT, in part**, and **DENIED, without prejudice**, **in part**, as stated in the body of this Order.

**DONE AND ORDERED** in chambers in Miami, Florida on May 14, 2007.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Federico A. Moreno, United States District Judge
All counsel of record