UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-61534-CIV-MORENO/SIMONTON

R.K.,

    Plaintiff,

v.

SUSAN KANASKIE, et al.,

    Defendants.
_____/

### ORDER DENYING DEFENDANT MILLIKAN'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF EVENTS PRIOR TO NOVEMBER 23, 1998

Presently pending before this Court is Defendant Corrine Millikan's Motion in Limine to Exclude Evidence of Events Prior to November 23, 1998 When A.P. Was Removed From the Calhoun Foster Home (DE # 887). Plaintiff has responded in opposition (DE # 910), and Defendant has replied (DE # 940). On May 8, 2007, a hearing was held, at which time the Court denied the motion. This order sets forth that ruling, and incorporates by reference the reasons stated on the record.

Defendant Millikan seeks to exclude from evidence "all evidence of the events prior to November 23, 1998, including all evidence of negligence, wrongful acts or inappropriate treatment involving foster children prior to November 23, 1998, including but not limited to" ten enumerated acts involving, *inter alia*, attendance by Defendant Millikan at staff meetings, approval of over-capacity waivers, and placement decisions (DE # 887 at ¶ 9). Defendant Millikan contends that this result is compelled by the Order of the District Court which found the evidence insufficient to establish Defendant's knowledge of the risk of harm prior to November 23, 1998.

In opposition, Plaintiff contends that even though the Court found insufficient

allegations to support a finding of knowledge prior to the date when A.P. came forward (November 23, 1998), the prior activities of the defendants are relevant to prove, on a cumulative basis, that once A.P. came forward the Defendants were deliberately indifferent to the safety of children in the foster home.

As stated on the record at the hearing, the undersigned concurs with Plaintiff. Merely because the prior activities standing alone were not sufficient to support a finding of deliberate indifference, does not mean that those activities are irrelevant to the issue. The jury is entitled to know the totality of the information in the possession of each defendant in determining whether, following A.P.'s allegations, the defendants were deliberately indifferent to a known risk of harm. Moreover, contrary to Defendants' argument, the Order of the District Judge which denied, in part, the motions to dismiss specifically relied upon the past activities of the defendants to support its determination that, after A.P. came forward, Plaintiffs' allegations were sufficient to support a finding of deliberate indifference to a known risk of harm.

Therefore, based on a review of the record as a whole, and considering the arguments presented at the hearing, for the reasons stated at the hearing and above, it is hereby

**ORDERED AND ADJUDGED** that Defendant Millikan's Motion in Limine to Exclude Evidence of Events Prior to November 23, 1998, is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida on May 14, 2007.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

2

**Copies furnished to:**
**The Honorable Federico A. Moreno, United States District Judge**
**All counsel of record**